GARRET SPEER, JOHN H. SPEER and SARAH E. VANDER-
HOOF

*v.*

ABRAHAM MILLER, MARGARET BLOWERS and LYDIA TIM-
BROOK.

1. Actual nearness of blood is the test of kinship under the sixth section of the statute regulating descent.

2. Where lands descend from father to daughter, and she dies without leaving nearer heirs than uncles and aunts on the maternal side and first cousins on the paternal side, the cousins take to the exclusion of the uncles and aunts, though the uncles and aunts are of the blood of her father, their relationship to her being, by consanguinity, that of second cousin and by affinity that of uncle and aunt.

On final hearing on bill and answer.

*Mr. Newton S. Kitchel,* for complainants.

*Mr. Theodore Little,* for defendants.

VAN FLEET, V. C.

This suit is brought to quiet the title to certain lands. The facts necessary to give jurisdiction, and to require the court to proceed to judgment, are admitted. The questions to be decided arise under the sixth section of the statute regulating descent. Julia A. Badeau died seized of the lands in controversy. She died intestate. The lands descended to her from her father, Henry Speer. He acquired them by purchase, and was the founder of the title, or the first purchaser. The complainants were Julia's first cousins, being children of her father's brother John. The defendants bore a double relationship. If their relationship is traced by blood, they were her second cousins; if it is traced by affinity, they were her uncle and aunts. The mother of Henry Speer and the father of the defendants were brother and sister, and consequently the relationship between the

defendants and Henry Speer was that of first cousins, and between the defendants and Julia that of second cousins. But Henry Speer married his first cousin, a sister of the defendants, thus making the defendants his brother-in-law and sisters-in-law, and likewise the uncle and aunts of his offspring by that marriage. Each of the litigant parties claim to have succeeded to the inheritance, to the exclusion of the other; the defendants claiming that they take before the complainants, because they stand one degree nearer in kindred than the complainants do, while the complainants insist that the true position of the defendants is one degree more remote than theirs.

The law regulating the computation of degrees of consanguinity is settled in this state. According to the established method of computation, uncles and aunts take before, and in exclusion of cousins, the first being related in the third degree, while cousins stand one degree more remote. *Taylor* v. *Bray, 3 Vr. 182; Schenck* v. *Vail, 9 C. E. Gr. 538; Smith* v. *Gaines, 8 Stew. Eq. 65; S. C. on appeal, 9 Stew. Eq. 297.* The statute under consideration declares that when any person shall die seized of lands, without disposing of the same by will, and without leaving kindred nearer in degree, capable by law of inheriting the same, " and shall leave several persons all of equal degree of consanguinity to the person so seized, the lands shall then descend and go to the said several persons of equal degree of consanguinity to the person so seized, as tenants in common in equal parts, however remote from the person so seized the common degree of consanguinity may be, unless where such inheritance came to the said person so seized by descent, devise or gift of some one of his or her ancestors, in which case all those who are not of the blood of such ancestor shall be excluded from such inheritance, if there be any person or persons in being of the blood of such ancestor capable of inheriting the same." *Rev. p. 298 § 6.*

The construction of this statute is settled in one important particular, namely, that those nearest in blood to the person last seized, if capable of inheriting, shall take the inheritance. Chief-Justice Beasley, in expounding this statute in *Taylor* v. *Bray, 3*

*Vr. 182*, said : "In the entire scheme of our laws upon this subject, there is a clear recognition of the natural right inherent in propinquity in blood, and there is no example of such right being disregarded ;" and afterwards, in pronouncing the judgment of the court of errors and appeals in *Schenck* v. *Vail*, *9 C. E. Gr. 538*, he further said : " The test of heirship is made actual nearness of blood, and to such actual propinquity of blood a preference is given." Two qualifications are requisite, then, to the heir under this section : he must be the person nearest in blood to the person last seized, and must also be of the blood of the ancestor from whom the lands descended. The statute, like the canons of the common law, meant to preserve the inheritance to the blood of the ancestor from whom the lands came, and to cast it upon that person who should stand nearest, in virtue of the blood of such ancestor, to the person last seized ; in other words, that the inheritance, in descending, should follow the blood of the ancestor from whom it originally came, and go to the nearest relative, in virtue of such blood, to the person last seized.

The defendants are of the blood of Henry Speer. His father and their mother were brother and sister. He and they descended from the same common stock, or couple of ancestors, and, in the absence of nearer heirs, they would have been entitled to succeed to the lands of which he died seized. By blood they were his first cousins and the second cousins of his daughter Julia. The complainants, however, stood one degree nearer in blood to Julia. They were the children of her father's brother. Her father was their uncle, and they were Julia's first cousins. But, as already stated, by the marriage of Henry Speer with the sister of the defendants, they, on Julia's birth, became her uncle and aunts. This, however, did not make them of the blood of her father. In that respect, they stood after marriage just where they did before the marriage. Marriage places the husband in the same degree of nominal kinship to his wife's kindred as that in which she stands herself, but the connection is one of affinity and not of blood, and heritable rights flow alone from consanguinity. But for this marriage, it is obvious the defendants would have had no possible ground upon which to challenge the

right of the complainants to succeed to the inheritance in exclusion of them.    While the marriage put the defendants in a position where, on the birth of offspring of such marriage, their relationship to the offspring would be nearer than if Henry Speer had married a stranger to his blood, yet it brought them no nearer in blood to him, and added nothing to the blood, in virtue of which they must inherit, if they inherit at all.    Their claim, in my judgment, is against both natural right and the policy of the law.

The complainants are entitled to a decree that the defendants have no estate or interest in the lands of which Julia A. Badeau died seized.